**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | |
|---|---|
| **LORI SUE CRAFT** § | |
| *Plaintiff* § | |
| § | |
| v. § | Civil Action No. 3:23-cv-00334 |
| § | |
| **STATE FARM MUTUAL AUTOMOBILE** § | |
| **INSURANCE COMPANY** § | |
| *Defendant* § | |

## PLAINTIFF'S FIRST FEDERAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, **LORI SUE CRAFT** complaining of Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMANY**, referred to as "Defendant", and for cause of action Plaintiff would respectfully show unto the Court and Jury the following:

### I.
### DISCOVERY CONTROL PLAN

1. Pursuant to TEX. R. CIV. P. 190, discovery in this case is intended to be conducted under level 2.

### II.
### PARTIES

2. Plaintiff is a resident citizen of Galveston County, Texas.

3. Defendant **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter alternatively referred to as "Defendant")** is an insurance company registered to do business in the State of Texas and is being served with this federal complaint by delivery to Defendant's attorney of record.

## III.
## VENUE & JURISDICTION

4.      Plaintiff would show that this lawsuit has been removed from State Court in Galveston County, Texas because of diversity of citizenship and the combined contractual and noncontractual damages exceed the jurisdictional minimals of Federal District Court.

## IV.
## FACTS OF CASE

5.      It has become necessary to bring this suit by reason of injuries and damages sustained by Plaintiff on or about April 30, 2022. Plaintiff would show that on or about that date, she was stopped at a red light at the intersection of Highway 6 and Jack Brooks Rd, when she was struck from behind by a vehicle that had been pushed into her by another vehicle being operated by Naomi Kaye Dailey Hart.

6.      Plaintiff would respectfully show that at all times material hereto, nothing she did nor failed to do caused or in any way contributed to cause the occurrence in question. On the contrary, the collision made the basis of this suit and the proximate resulting injuries suffered by the Plaintiff was proximately caused by the negligence and negligence per se and carelessness of Naomi Kaye Dailey Hart in that Naomi Kaye Dailey Hart failed to exercise ordinary care for persons similarly situated to the Plaintiff, including the Plaintiff, in one or more of the following respects:

   a.   In maintaining the vehicle which she was operating at an excessive rate of speed immediately prior to the collision;

   b.   In operating the vehicle which she was driving in a careless and reckless manner;

   c.   In failing to keep a proper lookout for other vehicles at the time of and on the occasion made the basis of this suit;

    d.      In failing to keep the vehicle which she was driving under reasonable and proper control;

    e.      In failing to timely apply her brakes;

    f.      In failing to sound a warning; and

    g.      Violating Tex. Trans. Code § 545.062 which provides that the operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.

7.     Naomi Kaye Dailey Hart recognized her fault in causing the subject collision and the damages suffered by your Plaintiff, but had insufficient insurance to cover the damages. Therefore, Ms. Hart's insurance carrier tendered her $50,000 limits of coverage, with notice to Defendant and permission of Defendant to accept those limits and pursue this Underinsured Motorist cause of action.

## V.
## CONTRACTUAL CLAIMS AGAINST DEFENDANT

8.     At the time of the subject collision, the vehicle the Plaintiff was operating was covered by a policy of underinsured/uninsured coverage with Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY policy number 442 4603-B16-53. Plaintiff would show that she notified the Defendant insurance company STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY of the damages and injuries she sustained, thereby conforming to every act and prerequisite required by the Defendant insurer STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY under the terms of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY's insurance policy. All of the premiums were paid and up to date to insure that Plaintiff was covered with uninsured/underinsured motorist coverage providing insurance coverage to her for her injuries and damages herein by reason of this

accident under the policy of insurance with the named Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY. The Plaintiff has complied with all conditions precedent under the terms and provisions of this insurance policy, making the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, herein liable to them for the amount of said policy in the amount of $50,000.

## VI.
## EXTRA-CONTRACUAL CLAIMS AGAINST THE DEFENDANT

9. Plaintiff seeks additional damages against Defendant for its failure to timely and reasonably tender the insurance limits afforded to Plaintiff which represents bad faith breach of contract and bad faith insurance practices and fraud in violation of the Statutes of the State of Texas. Defendant's actions represent a breach of the Texas Deceptive Trade Practices Act for which Plaintiff will seek in the future all damages afforded for the breach of that Statute including, without limitations, compensatory, exemplary, treble damages and attorney fees.

10. Plaintiff is specifically bringing these claims against Defendant for its violation of the Texas Insurance Code by denying Plaintiff's UIM claim without providing any explanation. Plaintiff brings claims for the following three violations of Chapter 541 of the Texas Insurance Code: (1) failing to make a good faith attempt to effectuate a prompt, fair, and equitable settlement pursuant to Tex. Ins. Code § 541.060(a)(2) ; (2) failing to provide adequate explanation pursuant to Tex. Ins. Code § 541.060(a)(3) ; and (3) refusing to pay on a claim without conducting a reasonable investigation pursuant to Tex. Ins. Code § 541.060(a)(7).

11. All conditions precedent to Plaintiff's various causes of action have been performed or have occurred.

## VI.
## DAMAGES

12. As a proximate result of the negligence of the underinsured driver, Naomi Kaye Dailey Hart, your Plaintiff LORI SUE CRAFT received serious and disabling bodily injuries. By reason of her injuries, Plaintiff sustained all legal elements of damages recognized by law, including physical pain and mental anguish, physical impairment, disfigurement, lost earnings and earning capacity plus reasonable and necessary medical bills and expenses, and in all reasonable probability, will continue to sustain such legal elements of damages in the future beyond the date of this trial. These damages clearly exceed the $50,000 limits of insurance coverage held by Naomi Kaye Dailey Hart, as well as the $50,000 in underinsured motorist coverage Plaintiff is entitled to under her contract of insurance with the Defendant. Therefore, Plaintiff seeks an award under said contract for the $50,000 limits of coverage afforded by the subject policy with Defendant.

13. For the alleged extra-contractual acts and omissions of Defendant, Plaintiff requests actual damages in the form of past and future medical expenses, as well as past and future pain, suffering, and mental anguish. Plaintiff also requests treble damages, court costs, and attorneys' fees for being forced to litigate these claims.

14. Accordingly, Plaintiff maintains this suit against Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, for each of the foregoing legal elements of damages in an amount above the jurisdictional minimals of this Honorable Court, to be determined under the sound discretion of a jury, plus pre-judgment and post-judgment interest, for the $50,000 limits in underinsured coverage and seeks damages for the extra-contractual damages in amount to be determined under the discretion of the jury not to exceed $1,000,000.00.

## JURY DEMAND

15. Plaintiff requests a trial by jury.

**PRAYER**

WHEREFORE, Plaintiff prays that Defendant be cited in terms of law to appear and answer herein, and that upon final trial hereof, she have judgment as prayed for against Defendant; that she have pre-judgment interest on said judgment as authorized by law; interest on said judgment at the legal rate from date of entry until paid; cost of court; and all such other and further relief, general or special, legal or equitable, to which she may show herself justly entitled and for which she will ever pray.

    Respectfully submitted,

    LAW OFFICES OF SCOTT A. SANES

    _____
    SCOTT A. SANES
    Texas State Bar No. 17630600
    Federal Bar No. 07532
    2880 Broadway Bend Drive, Bldg. 1
    Pearland, TX  77584
    713-799-8400 (Telephone)
    888-328-7060 (Facsimile)
    scott@saneslaw.com
    ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 16th day of February of 2024, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on electronic records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrant:

Margaret F. Brown
Lindow Stephens Schultz LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
mbrown@lsslaw.com
*ATTORNEYS FOR DEFENDANT*
*STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY*

_____
SCOTT A. SANES